May it please the court, my name is Ed Totino and I'm here on behalf of U.S. Bank National Association as well as U.S. Bancorp. We're here today because the District Court denied U.S. Bank's motion to compel arbitration. In doing so, the District Court took a look at the declaration submitted by U.S. Bank as well as by Ms. Garcia, the plaintiff, and drew factual determinations and inferences from those declarations. In doing so, the District Court committed error. Under Section 4 of the Federal Arbitration Act, when faced with a motion to compel arbitration, the District Court really has two choices. One is to determine that an agreement to arbitrate was made and that the opponent has failed to comply and then direct the parties to proceed to arbitration. If the District Court doesn't do that, the only other option is to determine that the making of the arbitration agreement is an issue and then proceed summarily to trial. Since Ms. Garcia requested a jury trial in this case, it would have been a jury trial on the issue of whether the arbitration agreement was made. The language of Section 4 is clear. It says, if the making of the arbitration agreement or the failure to neglect or refusal to permit or to perform... I'm sorry, could you speak up a little? Sorry. The language of Section 4 is clear. If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same shall be an issue, the court shall proceed summarily to trial thereof. There's no discretion there. The word shall is used. Now, rather than following the FAA Section 4 procedures, what the District Court did here is it followed the state procedures in the California Arbitration Act as set forth in Rosenthal v. Great Western Financial Services Corporation. But in the Rosenthal, which was a California Supreme Court decision, in that case itself, the California Supreme Court actually said that its procedure is different than what's in the FAA. It says that Section 4 of the FAA requires a trial, whereas what Rosenthal was saying is the California courts can decide it on the papers. Here we're in federal court. Obviously, the FAA procedures apply. So under Section 4, the District Court had to send this, set this case for trial, as opposed to looking at the declaration submitted by the parties, drawing factual inferences, and making determinations of fact. Now, Ms. Garcia argues that it was OK for the District Court to decide on the motion papers because Section 6 of the FAA says any application to the court here under shall be made and heard in the same manner provided by law for making and hearing of motions except as otherwise here and expressly provided. She then argues that under Federal Rule Civil Procedure 78, under the Central District Local Rule, no oral argument is required on a motion. However, the argument is wrong for a fundamental reason because Section 4 of the FAA does otherwise provide. It says if the making of the arbitration agreement is in dispute, you have to proceed to a trial summarily. There was a request for trial in this case? When we brought the motion under Section 4, Your Honor, there's only two options. We didn't explicitly request trial in the papers because if the District Court didn't find that the arbitration agreement was made and sentenced to arbitration, the only other option under Section 4 is to go to trial. There's no option to make findings of fact based on a few declarations in the record and decide whether or not an agreement was made. If there's an issue of fact in the record, the matter goes to trial, and in this case, a jury trial because Ms. Garcia elected or demanded the jury enter a complaint. Now, there's not much Ninth Circuit or any Ninth Circuit reported decisions on this, but the Second Circuit actually does address the issue. And the Second Circuit says it's basically a summary judgment standard. If there's an issue of fact, you go to trial, and if there's no issue of fact, then the undercourt can decide it. But here there was obviously an issue of fact because there are numerous facts in the record that show Ms. Garcia agreed to the arbitration provision. First of all, she admits that she walked into the U.S. Bank branch and opened a checking and savings account. She had no prior relationship with U.S. Bank at all. She admits that she signed a signature card, and it's her signature on there. She doesn't contest that, and it says on the signature card she signed that by signing this signature card, you are also acknowledging your express consent to the terms and conditions in your applicable account agreement. U.S. Bank's records also show that the signature card was signed by Ms. Garcia. Otherwise, she couldn't have opened an account. But what's the factual dispute as opposed to the inferential dispute? Yeah, the only factual dispute is that Ms. Garcia is arguing that she didn't understand English, and therefore she didn't know what she was signing when she signed the signature card, and they didn't give her a Spanish translation of the documents, and therefore she shouldn't be bound. That's the factual dispute. That's a legal question, isn't it, ultimately? I mean, if it's not disputed. Are you disputing that she doesn't speak English? She asked for a translation, right? She asked for a written. That's what she says. She wanted a Spanish, and that wasn't contested, was it? That she asked for it? We don't have any evidence one way or the other in the record on our side for that. Assuming that that's the fact. Yeah, we don't know what her ability. The question that's being presented, the question of whether or not in the interchange, the affidavit of USB's bank employee, what she said she did, and what the Ms. Garcia says what she did, and the document that's in the record, which is the signature card, whether that set of facts created a binding arbitration contract. It is whether that created a contract. If it didn't create a contract, then the issue goes to trial, because we don't know such things as what Ms. Garcia's real ability to speak English is. We don't know whether she really could comprehend the document. Well, okay. But if on those facts the district court properly found that that would not be sufficient to create a binding arbitration agreement. Well, the district court didn't find that. What he found is that it was not unreasonable for Ms. Garcia not to take the steps that she could have taken to understand what was in the agreements that she signed. That's what the district court found. Okay. And if he's correct as a matter of law? Well, I think you need to know the other facts to determine whether he's correct as a matter of law, the facts that we don't know because there was no trial. We don't know, as I said, what her real comprehension in English was. We don't know whether she had the opportunity to go home and have one of her friends or relatives look at the agreement and tell her what it was. We don't know whether she had the ability to ask someone else to look into the agreement. We don't know whether when she signed the document, I mean, a bigger issue, a big issue here is this is not an issue of fraud in the execution. She knew that she was opening a checking account at the bank. She knew that she was entering into a contract. So that there is a contract. A checking account, by definition, is a contract. She was given a packet of papers of all these agreements. Is that conceded? It's in the record. She doesn't deny. If you look at the record, all that Ms. Garcia says at ER 313 is she doesn't recall seeing these documents. She doesn't recall. She doesn't deny she received them. U.S. Bank's evidence is that our employee, Ms. Mejia, every time they open an account, gives the person a packet of all the agreements. That's her normal practice. Normal practice. She doesn't remember this specific contract. No. But she says she has no reason to deny that that happened here. We haven't had the opportunity to examine Ms. Garcia. She doesn't say she didn't receive them. She just said this one particular document she doesn't remember seeing. So there's clearly an issue of fact on that that has to be resolved at the summary trial required by Section 4 of the Federal Arbitration Act. Not only is that, but the deposit account agreement is available. She could ask the branch for it, which they gave it to her so she didn't have to do that. You can call the 1-800-US-BANKS telephone number and they'll send you the agreement. You can request a copy. View it online at usbank.com. It's available there. It's not in Spanish? No. It's in English. Then the bank statements that Ms. Garcia received actually refer to the arbitration agreement in there. That's at Excerpt Record 154 and 161. Ms. Garcia is not complaining that Ms. Mejia discouraged her from doing anything to read these agreements. She's just saying, I think what the complaint is, is that she did not explain them to me as well as I would have liked. That's not her contention, that it wasn't explained as well as she would have liked. Her contention is there wasn't any explanation other than she was told that she had to sign the signature card in order to open a bank account. Yes, and that was true. That doesn't make a contract. You sign your name to a card and you have an account. That's not saying that we're incorporating, by signing this card we're going to incorporate all kinds of contractual provisions from another document. Under California law, for instance, the Lawrence v. First National Bank of San Mateo County case 122 Cal Up Second 884, the signature card incorporating bank rules is binding on the account holder. Also under California law... It depends on what the account holder is told when they sign the card. If you said to the card holder, for example, signing this card does not involve a contract, does not involve any obligation on your part, does not incorporate any agreement, I can't believe a California court would say it does all of those things. She wasn't told that. But I say it's not just as simple as saying what it is. When Ms. Garcia was dealing with the facts in this case, which was, according to her, she was told you have to sign a signature card to open an account. To get an ATM card. I thought my understanding was that she thought she was signing this card to get an ATM card. That's part of opening an account, you receive an ATM card. So Ms. Mejia told Ms. Garcia it was necessary to sign in order for her to get an ATM card. And then there was this provision on here that is what we're talking about. What we don't know, because we haven't had a trial or done any discovery, is what Ms. Garcia was actually told. If she was there for all the time she says she was there in her declaration, she certainly was told more than that one sentence. And that's why really in a case like this it has to go to the summary jury trial where Ms. Garcia can be examined and we can actually determine what happened as opposed to just relying on a brief declaration in the record. And that's what Section 4 of the Federal Arbitration Act requires. It doesn't allow the court to make these kind of findings from uncontested or declarations that can't be uncross-examined witness statements, basically. I'd like to ask you a couple of questions regarding your argument regarding the assent to arbitration by Ms. Garcia by maintaining her account for several years. Would you mind if I just get a clarification on that? I'm looking at Section 4. I just want to make sure we're looking at the right. I want to know where in Section 4 you think we are because of the posture of the case. It says if the making of the arbitration agreement or the failure, neglect, or refusal to perform the same being in issue, the court shall proceed summarily to the trial itself if no jury trial be demanded by the party alleged to be in default. And that's what you're relying on? She did demand a jury on this issue? She demanded a jury on all issues, Your Honor. It says in the excerpt of her record on page 18, Plaintiff Miriam Garcia demands a jury trial by jury for herself and the class on all claims so triable. Okay. Thank you. I'm just trying to figure out if your argument regarding this later assent based on additional or supplemental documents that were sent to Ms. Garcia is waived. It doesn't appear in the record. Look through the district court docket. You have to really look through the facts section of your motion to compel arbitration in order to find it. And just this reference in the facts section, is that enough not to have waived that particular argument? I think, Your Honor, the declaration of Mr. Farkas explained the entire process and how when the arbitration agreement was amended, it was sent to Ms. Garcia, or it was noted in the account agreement, or in the bank statements that she received, and she maintained the agreement after that. If you look at page 154 of the excerpt of the record, it says there's a section there and it says we've changed the arbitration revision. But did you make this argument before the district court? Did you develop this argument before the district court? She ascended to arbitration by maintaining her account for several years after getting these. Yeah, I believe we did. That's why it's in this declaration explaining it. I don't have the brief that's over at my desk, but we certainly submitted all the facts to support it and argued it. And the other thing that happened here is we didn't have any hearing at all, not much less a trial like we were supposed to. So, you know, had it come up that this was the issue, we could have certainly explained it to the court, but we didn't have that opportunity. And I guess it goes to your argument that the district court should have had an evidentiary hearing, is that right? Yeah, really it's a trial, but an evidentiary hearing is another way of saying it. In this case, it's a jury trial because Ms. Garcia selected a jury, but had there been no jury demand, it would have been a court trial. But it's going to be an evidentiary hearing where the district court makes findings of fact. That didn't happen here. And did you dispute any of the facts offered by Ms. Garcia that the district court believed were material to the question of whether a contract was formed? As far as we dispute the fact we gave her the packet of agreements, that's correct. We do say that. If you look at Ms. Mejia's declaration, the way it works in this motion is this is the first we heard about this language difficulty was in the opposition. We had one week to put together the reply brief. We disputed it. You know, had we had a hearing and we would have known what the district court was thinking, we certainly could have argued more on the point. But we didn't even have an oral argument on the motion, much less the kind of summary trial that we're supposed to have. Did you tell the district court that you were entitled to a jury trial in this case? No, we didn't demand a jury trial, Your Honor. It was Ms. Garcia who demanded it. No, because we didn't have that opportunity. When we moved under Section 4, as I said, there were two ways for the district court to rule. One is a summary trial. I mean, one is to send it to arbitration. The other is to have a summary trial on the issue. Ms. Garcia is the one who selected a jury trial, so it would have gone to a jury. Is the argument you're making to us ever presented to the district court before or after the district court ruled? Well, nothing was presented after it ruled. Before the district court ruled, we moved pursuant to Section 4 of the Federal Arbitration Act. That is submitting the argument because that's the two options when you move on to that section. Yes, I understand. And you're saying that because there was a jury trial and there were disputed facts, the court should have, on its own initiative, then moved it to a summary trial. Yes, and that's happened in other district court cases. I'm talking about this one. Do you ever tell the district judge that he was erring or had erred, not having taken that step? Not explicitly. Had we had a hearing, actually, where we actually appeared in court to discuss it, we certainly would have raised that. We had no idea that the judge would follow the Rosenthal-California procedures because we were in federal court and Section 4 applies, not the California Arbitration Act. So we had no idea that this was going to happen. There was no reason to raise it under Section 4. There's two choices. Had we had an oral argument, I certainly would have made the point. But there was no post-decision opportunity to call it? There wasn't. Under the central district rules, a motion for reconsideration has three elements. We didn't meet any of those. The district judges tend to not like those kind of motions. And is there any case law or cases out there where it says it was error for the district court to not hold an evidentiary hearing in a situation like this? I believe if you look at the Second Circuit cases that were cited, Schnabel v. Tri-Legion, 697 F. 3rd. 110, basically says that when the district court denies a motion to compel arbitration, the issue is decided like a summary judgment motion. If the allegation regarding the formation of the agreement raises a genuine issue of material fact, it must be resolved by the finder of fact at trial. Our review of the record must be interpreted as a whole in light of the most favorable to us. I'm not quoting from the, I'm paraphrasing, but that's pretty much what the decision holds. It's viewed as, at least in the Second Circuit, it's viewed as a summary judgment standard. Here, we don't have that law in the Ninth Circuit, but under the Federal Arbitration Act, I'm not even sure the summary judgment standard applies, because it says you shall proceed to arbitration. I think I'm out of time. I'd like to reserve whatever time I have left for rebuttal. Thank you. A minute or two for rebuttal. We'll give you a minute or two for rebuttal. May it please the Court. David DeRobertis for Ms. Garcia. I think the first issue that I want to talk about is just the absolute waiver here. I mean, the litigants have to take some responsibility for alerting district courts and trial courts on procedure if they want procedure to be followed a certain way. I can say anecdotally, cases, in my experience, are decided on the papers on these motions all the time in the district courts. I know that when I want a jury trial or I want an evidentiary hearing if I'm in the state court under Rosenthal, I ask the court for it. I put it in my papers. I give the court an indication that that is a desired procedure here. That never happened. The first time anything about the process of this proceeding was raised was on appeal. Never in their initial moving papers did they ask for a jury trial if the court thought that there was a factual dispute as to formation. Never in their reply papers did they ask for it. When they got the notification that comes saying the court's taking this under submission without a hearing, silence, radio silence. They didn't ask for a hearing. I know that I would have at that point gone to the next party and said, we're entitled to a hearing. We would like a hearing. Please don't consider this on the papers. They didn't do it. So as a procedural matter, I think if there's any entitlement to a hearing, if the court were to, and I'm going to explain in a minute why I think there's no material disputed fact, but before I get there, I think the first step is there's been a waiver of any right to a jury trial in any way, shape, or form. The jury trial demand was our original jury trial demand inside of our complaint, which you put in there as a safety mechanism. So you don't forget to file the jury trial demand later if you get removed, which I think is what happened here. But I don't think that is enough to alert a district court in the context of a proceeding for arbitration that a party wants a jury trial. Because the reality is that's not how it works. Whether it's a jury trial or not is a sort of secondary question. The primary question is whether there was a reason under Section 4 for the court to require some kind of a proceeding for determination of fact or whether it was a jury trial. Or whether it's some kind of summary proceeding where he should resolve these matters, whether there's a material disputed fact, and how it's resolved is a later question. Let me address the first question, then, because there is no material disputed fact here. What we have is, on page, I believe, 314 of the record, we have Ms. Garcia saying, I was told signing that signature card was something I needed to do to get a jury trial. I needed to get an ATM. So we have a plaintiff who, it's undisputed on the factual record before the court that she does not speak English, she does not read English, she communicated that to the individual opening the account. Now, the other side doesn't dispute that. I'm going to pronounce her name wrong out of respect, if I can just. Ms. Mejia, her declaration, the person that opened the account for Ms. Garcia, does not dispute that she did not speak English. Does not dispute that they spoke Spanish. Does not dispute that my client advised that she could not speak English. Does not dispute that my client advised she could not read English. Does not dispute my client advised she asked for copies in Spanish. So, you know, in Rosenthal, by the way, Rosenthal, the trial court, and I do acknowledge that California arbitration and federal arbitration procedure is different, but in Rosenthal, the defendants there, they offer declarations disputing all of the foundational facts. The two plaintiffs in the Rosenthal case who did not speak English and communicated that, the defendants gave declarations saying that's not what happened. So there was an evidentiary conflict that led to a needed fact find. We don't have that evidentiary conflict here. On ER 5 of the district court's order, footnote 1, the court notes, quote, they, meaning the facts, are largely undisputed by the evidence presented by defendants with one slight exception. Plaintiff declares that she does not recall receiving a copy of the deposit account agreement, Garcia Declaration, paragraph 8. Ms. Mejia declares that it is her general practice to provide a copy of the deposit account agreement and has no reason to believe that she did not provide one to the plaintiff, Mejia Declaration, paragraph 3. Then the district court concludes, as discussed below, resolution of this factual dispute is not necessary. And that's completely correct, because under Rosenthal, fraud in the execution comes from the plaintiff. Fraud in the execution exists if the individual is deceived as to the nature of his act and actually does not know what he is signing. And under Rosenthal, for the two plaintiffs that did not speak English, which were, and this comes out of Page, I'll forget the Page, but the plaintiff is Greco is one of the names. And for the Greco plaintiff, they communicated they don't speak English, they asked for the documents in it, and alternatively, the plaintiff did not speak English. They did not communicate in an effective language. They were instead told, hey, sign this form for a purpose that was not the real purpose. That's exactly our facts. So we fit exactly what under the Rosenthal court said that's a prime example of fraud in the execution. Now, those fraud in the execution facts, the facts that we rely on to get to that conclusion, aren't disputed. It's not disputed that my client does not speak English effectively to communicate orally or in writing. It's not disputed that she conveyed that and asked for the documents. If I can ask you, did Ms. Garcia receive notifications from the bank after opening her account that she would have indicated to her that she may have ascended to terms and conditions that she wasn't aware of? I'm sorry, I just didn't hear a part of that. That she ascended to terms and conditions that she might not have been aware of originally. Only English documentation after the initial agreement is, the initial account is opened. Every single piece of paper that comes to her is in English. Nothing is provided in Spanish. She's already communicated that she doesn't, she cannot read these documents. Now, I do believe Your Honor's point earlier has very well taken this argument of the ascent issue that they've raised. Just like the issue of a jury trial, it wasn't really an issue down below. Did they put in the evidence in the record? Yes. I believe there's not a single, I don't want to say this as a positive statement, but I believe from memory, and I was not involved in the trial court, but I have read the papers, I don't believe there's anything in their legal argument section of their briefs that makes this argument. And I do believe that's a waiver. Beyond that, the Beatty case, B-A-D-I-E versus Bank of America that we point out in our brief, says even if you can't, you can't have what are called these bill stuffers to create a contract that departs from the original terms of the contract in an unfair way, effectively. And that's my paraphrase of Beatty, it's kind of a loose paraphrase, but in Beatty, there was no original arbitration agreement. And then they tried to create an ascent argument by having bill stuffers thrown into your, you know, money. And the court said no, no, no, that's, even if you reserve the unilateral right to modify when you create the original account, you can't modify it in a way by adding an arbitration agreement that wasn't there in the first place. Well, if our fraud in the execution argument is correct, which I believe it is, there's no arbitration agreement here in the first place. That's the effect of a fraud in the execution finding, and the district court did find, we met that by preponderance. So if there's no arbitration agreement that's valid in the first place, they cannot create a jury trial waiver by a bill stuffer under Beatty. And that comes out of 67 Calap 4th. Then there's a further question, even if they can, the question is did they? Does what they put in the subsequent notices, does that create a contract? Does it notify her that a contract is being created and does it create a contract? I'm not asking you to answer that question now, but what you've said is a partial answer to Judge McGee's question, but for a total answer you'd have to go beyond that if you don't prevail on your first answer. Agreed, and I think the answer is absolutely not. At least on the limited facts we have before us, when I go into an account, I go in and I'm assisted in opening up an account, and I tell everybody, I tell the people I'm dealing with, I only speak Spanish, I don't read or speak English. You communicate with me orally in Spanish, and then you send me documents in the mail, you know, 60 page single, really confusing bank documents that only are in English, I don't think that can be a legitimate creation of a contract. Under at least these unique facts, now, can bill stuffers under some circumstances create contractual rights under the assent theory? Yes, there are some circumstances, but I don't believe in the circumstance where they know she doesn't speak English and she's told them that. They can throw 60 pages of single-space fine print in English at her and say, gotcha, you've assented. That's not a meeting of the minds, that's not a real meeting of the minds. I, the other point... Let me ask you this, let's assume you were to win on your first point, and then your opponents argue that, well, if there wasn't a contract initially, it was subsequently created. Is that issue before us now?  Was it asked to consider the issue, or are you saying that issue's waived? I think my answer just came out of your mouth, Your Honor. I think it's waived, because it's one of two things, either they tendered the issue and the district court rejected it, or they didn't, because we've got a clear finding denying the motion, and I don't believe the court has to articulate every factual basis we can imply findings. So either it's raised and rejected by the district court, and then the issue becomes, do we defer to those conclusions? Or, but I think the really correct answer is it's been waived, because I don't believe this was an issue really briefed and argued as a legal matter in the district court, and it's one thing to put in evidence that might make you, or permit you to make a legal argument, that's not enough. You've got to make the legal argument, you've got to articulate the position to the district court, and those are the rules. And that's what, to me, as somebody that wasn't involved at the district court level, when I look at this, there's just waiver all over the place. There's no request for a summary judgment, I'm sorry, there's no request for a jury trial that they're now saying the district court erred and not giving it to them. He's relying on the, your request for a jury trial. And I think as a practical matter, okay, I do think, and this is an area where, it's interesting because there's not a ton of authority on this. There is some second circuit stuff out there, and by the way, the way they argue, I'm sorry, I don't mean to be, the way my colleague argues it, that this is effectively a summary judgment rule 56 standard, and I think under that standard, there's no triable issue, therefore, there was no need for a jury trial. Well, that seems to be the thrust of their briefing originally with us, they only raised section four in their reply. Yes, and this is why I think it's not, I mean, if we're going to, if this court's going to write on this issue, I don't think they're going to do that. I do think that it's fair process that litigants, you know, it's not all up to the courts, it's up to us to do our jobs. And a jury trial waiver, every good plaintiff lawyer that files cases that may get removed will put a demand for jury trial within the complaint. That pro forma action, and by the way, our demand for jury trial is on all claims so triable, if you really want to parse it. We, if you look at the actual language in our, I think it's in 18 of the record, our language is, you know, the plaintiff, we demand a jury trial for herself and the class on all claims so triable. I noted that. I was wondering if you had a claim for anything about the arbitration. We don't. We just claim it doesn't exist. So I think that, you know, to show, this shows what a, what a, I think just as a practical matter, an unfair gotcha, this is for district courts. It's not the court's fault that the court didn't realize that our demand for a jury trial on claims done at the outset of the case was really a demand by the defendants to get a jury trial out of a petition to compel arbitration that they never asked for in their moving papers, never asked for a reply, never asked for when they wanted, never went to the court and said, wait a minute, don't take this off calendar without a hearing. I mean, that's the other thing. When you get a notice saying the judge is going to take it under submission without a hearing and you believe you're absolutely entitled to a hearing, speak up. And then I also believe it would have been a proper reconsideration motion if the, if the court did something that the party believed was basically an absolute fundamental violation of the process without prior notice. That's what they're saying. They're saying they didn't have notice the court would do this. Well, if they were really blindsided by the court's ruling, bring it back to the district judge at a reconsideration. I think the courts are more forgiving than that on that local rule. I mean, there's just innumerable ways to get to the same result, which is they didn't ask for it. They've waived it. But even if there is an absolute right to a jury trial, if there's a disputed issue of fact on formation and if they've preserved that, there's no disputed issue of fact on formation. The only theoretical dispute, which I don't even think is a dispute, but I know it's not material and footnote one of his honors order says so, is the only dispute, potential dispute, that Ms. Garcia was given the full deposit, I'm sorry, the full deposit account agreement at that signing time. But that's an irrelevant dispute because that just goes to what she could have done had she gone home with it. And the cases say the formation issue and the reliance issue looks at the point of signing, not what could you have done later. I see my time is up unless there are no questions. Thank you, counsel. Thank you. And I wanted to thank the court. I needed a scheduling accommodation to move us for today, so I thank you for accommodating that. Thank you, Your Honor. A few points. First, the case was not removed to the federal court. It was filed in federal court and they said, as the term goes, there's no need for a hearing if the court would have granted our motion. That's what Section 4 says. So there was really no reason for us to ask for a hearing when we got the notice it's being taken off calendar because we thought we were going to have our motion granted. Did you file a motion for reconsideration? No, we didn't. As I mentioned, there's certain procedures in the Central District that do that. Three requirements, we didn't meet any of those. You let off your argument today with Section 4. It didn't show up in your briefing until a couple of weeks ago. You were arguing all summary judgment standards, issues in dispute. It's on page 49 of our opening brief, actually. There's an issue, it says the court shall, I mean, I can quote the brief, but if you can take it. Cite it to me. I was going through it. The section on there should have been a hearing was focused on summary judgment, disputed fact issues in your opening brief. It says, the court shall make an order directing the parties to proceed to arbitration unless the arbitration is approved. It's on our opening brief on page 49. Page 49? I thought it was page 4. And then we go on to discuss the summary judgment standard because the court already ruled it against us. There is a Supreme Court case interpreting the word shall in Section 4. Dean Whitter-Reynolds v. Byrd, 478 U.S., 213218. I'm sorry, counsel, you're missing my point. In your opening brief, you are not saying about the immediate trial what you're saying today. It said, the court shall make an order directing the parties to proceed to arbitration unless the making of the arbitration agreement be an issue. Only when there is no genuine issue of fact concerning the formation of the agreement should the court decide as a matter of law that the parties did or not enter into such an agreement. Citing cases, Section 4 standard is equivalent to the standard used by district courts in resolving summary judgment motions. And then, under summary judgment procedures, and hence under the FAA, the party opposing the summary judgment procedure is not subject to the summary judgment procedure. And so on. And you go off into discussing, when you get into the end of your opening brief, you say nothing about the demand for an immediate trial that you put here. That shows up in your reply brief. Am I missing something? No, but the whole point is we're saying it couldn't be decided as a matter of law. In other words, the way you proceeded before the district court, it looks like, coming across as the way you've visualized this case until you got to the reply, was that there was a summary judgment standard violation. There were disputed issues of fact that foreclosed a judgment as a matter of law. Now you're coming here and saying there's a statutory overriding procedure that would have short-circuited all of that argument because you said you were entitled to it. You're entitled under Section 4 to immediate trial, right? Yes, although, as I said, in the Second Circuit, the Second Circuit says if there's no evidence at all saying that a contract was reached, then they allow them to do a summary judgment-type ruling and say you don't get a trial. But there's no Ninth Circuit law that we've located saying that. Section 4's language is pretty clear. I mean, I could see how the judge could say there's no issue of fact, why should you get a jury trial here, but that's not what happened here. We have a signature. When they asked for a jury trial on arbitration, they were asking for a jury trial on their claim that you, and then you, invoked the arbitration clause. Yeah, they say all claims, but I mean... They hadn't made any claims in their complaint involving arbitration, had they? No, but they've now made the claim that the agreement... You're the one who wanted a jury trial on the issue in dispute which you raised, which was the arbitration clause. What we want is a trial on the issue, whether it's a jury or not. I think they demanded a jury so they get it unless they want to withdraw a demand for the entire case, but I... I think we're off on a side note. I'm quarreling with your characterization. I just wanted to make one point about the Rosenthal case. There's no dispute here that Ms. Garcia and the bank entered into a contractual relationship. I mean, she opened a checking account there. She gave them her money. They had agreements, account agreements going back, account documents going back and forth. The only issue is whether... What documents went forth? What was going back and forth? She got the statements. She wrote checks out. Those ended up at the bank. Those are documents. She wrote checks. Yeah, so it was a back and forth relationship. The district court found there was no genuine issue of fact concerning the formation of the agreement, didn't it? The district court did find that based on a preponderance of the evidence standard. It said, I'm going to view the facts in the declarations using preponderance of the evidence standard, which is not appropriate on summary judgment because there was certainly evidence in the record to show an agreement. She had signed the signature card. It incorporated the account agreement. She was given the package of documents, and she received the statements in the mail saying, we're changing your agreement. She said she was told this was just a card they had to sign. She was not told there was any agreement and that she did not understand in any event. She didn't understand anything they told her. There seems to be no dispute about any of that. You don't have any affidavits that counter that. We do have her signing the agreement saying, I agree to these terms. Okay, that's not a factual dispute. We have her receiving a package of documents. No, you don't. The only evidence in the record is our person said they give it as standard practice. Yes. And she says, I don't recall. And he says that's not material to his determination. Yes, because he misinterpreted the Rosenthal case. If you look in that case. That's a question of law. No, but the standards under Rosenthal, even some of the plaintiffs sent to arbitration in the case didn't speak English. There was a plaintiff by the name of Pupo, I believe, P-U-P-0. He didn't understand English. And he was still sent to arbitration. The people that weren't sent to arbitration were the ones that had a long-term relationship with the bank. We understand that. It's a question of law, how we interpret California law. The question is, what were the facts in dispute on the signature card, which is all that was looked at by the district court? You're saying, well, there was a lot more surround here that should have been surfaced in an evidentiary hearing. That's why I'm troubled if there wasn't action on your part to, at that point, get that before the court. So we'll set that aside. We've belabored that. Now, what the court had before it was at the creation of the contract, the only thing that's in the record, as far as we've been able to find, is the signature card, the affidavit of Ms. Mejia, and the statement of Ms. Garcia. That's the record. So that's when the contract was created. Then in terms of what the contract incorporated and so on and so forth, or what was sent to her afterward or what she could have done after that signing the signature agreement, the district court looked at it as that's the point in time where you evaluate whether there was a creation of a contract that included arbitration. Yes, and what we have in the record is she signed the card. She was given this packet. She doesn't recall receiving it. She doesn't say she did not receive it. Our practice to give it, we have two declarations in the record saying that. She had a long conversation with Ms. Mejia. Obviously, they didn't just have one sentence in that conversation that this is to sign this, this is an ATM card. There was discussion about the bank. Well, Ms. Mejia didn't put it at issue because she didn't put it in her affidavit. Because she doesn't remember this particular circumstance. But had we had a hearing with Ms. Garcia on the stand, we could have asked her. There was more said, right, Ms. Garcia? Now we're circling back. Yes. Thank you. Okay, thank you very much. The case just argued will be submitted. The court will stand and recess for the day.
judges: REINHARDT, FISHER, MURGUIA